IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER QUINONES, : | |
|     *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-5176 |
| : | |
| COMMISSIONER, *et al.*, : | |
|     *Defendants*. : | |

**MEMORANDUM**

**Pappert, J.**                                                                                                    **March 19, 2024**

In a prior Memorandum and Order, the Court dismissed the civil rights Complaint filed by Christopher Quinones pursuant to 42 U.S.C. § 1983. *Quinones v. Commissioner*, No. 23-5176, 2024 WL 625212 (E.D. Pa. Feb. 13, 2024). Quinones, incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") asserted that the Defendants, the Commissioner of the Philadelphia Department of Prisons, the CFCF Medical Director, and Major Tommage violated his rights by permitting him to be exposed to Covid-19.[1] (Compl. at 1-2.) Quinones was granted leave to amend his claims and has now returned with an Amended Complaint (ECF No. 8.) For the following reasons, the Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although unspecified, the Court understood "Commissioner" in the original Complaint to be a reference to the Commissioner of the Philadelphia Department of Prisons ("PDP") and "Medical Director" to be a reference to the Medical Director of CFCF. *Quinones*, 2024 WL 625212, at *1 n.1. In the Amended Complaint, Quinones affirms that the named Defendants are Commissioner Carney of the PDP and Marsha Jeoboham, the CFCF Medical Director. (Am. Compl. at 1, 2.) Major Tommage is not a named Defendant in the Amended Complaint.

I[2]

Quinones alleges Carney and Jeoboham exposed him to Covid-19 and he was infected with the virus, suffering daily pain, "impaired organ function, and post affects of Covid 19." (Am. Compl. at 4.) He asserts that Carney and Jeoboham "had [a] policy in place and did not comply with it." (*Id*.) He contends that infected inmates were placed in direct contact with him with the Defendants' approval, and they did not require exposed or infected inmates to have a negative test result before leaving a Covid unit and being in direct contact with him. (*Id*.) Quinones seeks money damages. (*Id.* at 5.)

II

Because the Court granted Quinones leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Quinones is proceeding *pro*

---

[2] The facts set forth in this Memorandum are taken from Quinones's Amended Complaint. (ECF No. 8.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

<mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark>

*se*, the Court construes the Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

### III

In screening his original Complaint, the Court determined that Quinones's claims against Carney and Jeoboham were not plausible for several reasons. First, he failed to allege that the Defendants were personally involved in the acts he described. *Quinones*, 2024 WL 625212, at *3. Second, he only alleged conduct by the "Defendants" collectively, rather than describe the actions undertaken by each person he named. *Id.* Third, his allegations that he became ill because the Defendants exposed him to Covid-19 by allowing other detainees with the disease or who had been exposed to the disease to have contact with him, were insufficient to allege a plausible constitutional claim under the deliberate indifference standard as applied in *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 325-329 (3d Cir. 2020) (affirming that "[t]o establish deliberate indifference [in the COVID-19 context, the prisoner plaintiffs] must show the Government knew of and disregarded an excessive risk to their health and safety." (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000))).

The Court explained that the United States Court of Appeals for the Third Circuit held in *Hope* that where a facility has taken concrete steps towards mitigating the medical effects of Covid-19 in a detention facility, a prisoner will fall "well short" of establishing that the facility and its staff were deliberately indifferent toward his medical needs in light of the virus even though they cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious preexisting medical conditions the

3

prisoner may have. *Id.*, at *3 (citing *Hope*, 972 F.3d at 330-31; *Mincy v. Governor of the Commonwealth of Pennsylvania*, No. 21-3263, 2022 WL 4115485 (3d Cir. Sept. 9, 2022) (*per curiam*) (affirming dismissal of amended complaint and finding that further amendment would be futile where "many preventative measures [ ] were taken from the start of the pandemic, including the suspension of in-person visits, screening of staff for the virus, inmate quarantines, and the provision of masks and cleaning materials. In light of these measures and the unprecedented and evolving nature of the pandemic, Mincy does not have a plausible claim that prison officials disregarded an excessive risk of harm."); *Muata v. Hicks*, No. 21-3210, 2022 WL 2526692, at *1 (3d Cir. July 7, 2022) ("Even if plaintiffs could show that Slaughter and Hicks knew of the risk posed by COVID-19, despite its unprecedented and unpredictable nature, they have failed to allege that either defendant disregarded that risk when creating the prison's policies.").

Quinones's allegations that Carney and Jeoboham failed to follow a policy and thereby permitted infected or exposed inmates to come into direct contact with him fails to allege a plausible deliberate indifference claim under *Hope*. Quinones's allegations indicate that the Defendants did take concrete steps towards mitigating the medical effects of Covid-19 at CFCF by creating Covid-19 units. Thus, his claims in the Amended Complaint based on having contracted the disease while in CFCF cannot state plausible constitutional claims and will be dismissed with prejudice. *Accord*, *Mincy* (dismissal of amended complaint with no further leave to amend affirmed where plaintiff asserted that preventative measures were taken).

An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

5